Ellen M. Van Riper (011751)
Attorney at Law
1109 East Braeburn Drive
Phoenix, Arizona 85022
Telephone: (602) 540-6809
Email: ellen@evrlaw.com

Attorney for Shanana "Rain" Golden-Bear

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones, | Case No. 2:14-CV-01907-SPL |
| Plaintiff, | |
| v. | **MOTION TO DISMISS** |
| Town of Parker; James Putz-Artrip; Town of Quartzsite; David Ward; Laura Bruno, Wife and Husband; Stephen Henrichs, Husband and Wife; Mark Orgeron, Husband and Wife; Norma Crooks, Wife and Husband; Carol Kelly; Mike Jewitt, Husband and Wife; Shanana "Rain" Golden-Bear; Individual Does I-X, | (Assigned to the Honorable Steven P. Logan) |
| Defendants. | |

Defendant Shanana "Rain" Golden-Bear ("Golden-Bear"), by counsel undersigned, moves that the Complaint (Doc. 1) be dismissed in its entirety with prejudice as to her pursuant to Rule 12(b)(6), FED. R. CIV. PROC., for failure to state a claim upon which relief may be granted. As a matter of law, Plaintiff Jones cannot maintain an action against Golden-Bear under 42 U.S.C. § 1983, because Jones has not alleged and cannot allege any facts under which Golden-Bear may be legally considered a state actor or person acting under "color of state law." Because

Jones' 42 U.S.C. § 1983 action against Golden-Bear fails as a matter of law, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over the pendent state law claims for intentional infliction of emotion distress and intentional interference with contract.

Golden-Bear requests that she be awarded her costs and reasonable attorney's fees incurred pursuant to 42 U.S.C. § 1983, because Jones' Complaint as to her is frivolous, groundless, and vexatious.

Golden-Bear has concurrently filed with this Motion undersigned counsel's Certification of Conference, as ordered by the Court (Doc. 11). As stated in the Certification, undersigned counsel has contacted the Plaintiff several times via electronic mail requesting that she agree to confer and has offered a number of dates and times to do so. No response was received until the evening of January 9, 2015. The Plaintiff stated that she would not be available to confer until after February 15, 2015, and then only in person in Quartzsite. She also disputed that Golden-Bear may file a Motion to Dismiss as a responsive pleading. Golden-Bear believes that these efforts and the response by the Plaintiff satisfy the Court's Orders (Docs. 4 and 11) that she confer with the Plaintiff before refiling her Motion to Dismiss.

This Motion is supported by the following Memorandum of Points and Authorities, the concurrently filed Certificate of Conference, and the record on file with the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

Dismissal of Golden-Bear is proper because Jones cannot allege or prove any set of facts in support of her claims against Golden-Bear, particularly any constitutional violation actionable under 42 U.S.C. § 1983, which would entitle her to the relief requested in the Complaint. *See Barnett v. Centoni*, 31 F. 3d 813 (9th Cir. 1994). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988).

## I.     No Actionable Claim under 42 U.S.C. § 1983

It is well-established that to state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *Parratt* v. *Taylor,* 451 U. S. 527, 535 (1981) (overruled in part on other grounds, *Daniels* v. *Williams,* 474 U. S. 327, 330-331 (1986)); *Flagg Bros., Inc.* v. *Brooks,* 436 U. S. 149, 155 (1978)." *West v. Atkins*, 487 U.S. 42, 50 (1988).

The allegations in the Complaint (Doc. 1), even if accepted as true or construed in a light favorable to Jones, do not and cannot even remotely establish that Golden-Bear was a state actor or person acting under "color of state law" in connection with any alleged event or action described in the Complaint. Golden-Bear is not an elected official of the Town of Quartzsite, she is not employed by the Town, nor is she employed or engaged in any governmental capacity.

Jones alleges in ¶ 15 of the Complaint that Golden-Bear is the "Publisher of the Desert Messenger, a community tabloid doing business in Quartzsite, Arizona."

In this same paragraph, Jones alleges that "Golden-Bear published Quartzsite's libelous and defamatory press release about the Plaintiff in her tabloid." However, publication of alleged defamatory statements does not establish a cause of action under 42 U.S.C. § 1983, which only creates a remedy for deprivations of constitutional rights. *See Paul, Chief of Police, et al. v. Davis*, 424 U.S. 693 (1976) (defamation standing alone and apart from any other governmental action does not state claim for relief under 42 U.S.C. § 1983); *Williams v. Gorton*, 529 F. 2d 668, 670 (9th Cir. 1976).

Moreover, publication of a government issued press release does not make a publisher a "state actor" or other person acting "under color of state law." *See Cyntje v. Daily News Publishing Co.,* 551 F. Supp. 403, 405 (D. Virgin Islands 1982) ("A privately owned newspaper is not of course an arm of the government nor does it operate under a government conferred license or privilege."). Newspapers publishing government press releases do not exercise a power traditionally exclusively reserved to the government entity; publication of public notices and press releases serves the public interest but does not constitute an act under "color of state law." *See Rendell-Baker v. Kohn,* 457 U.S. 380, 102 S. Ct. 2764 (1982). It is a routine service offered by local newspapers. In short, Section 1983 simply does not reach private action such as what is alleged in the Complaint.

What the allegations in the Complaint do establish is that Jones is a direct competitor of Golden-Bear, as she alleges that she herself "publishes a widely read free newspaper" in the Quartzsite area. Jones alleges that she publishes the "Desert Freedom Press," which she describes as "a hard copy and online newspaper, with paid advertisers, published bi-monthly, with a peak circulation of

20,000 copies at the height of tourist season." Complaint (Doc. 1) at page 9 ¶ 15 (there are two paragraphs numbered 15) and ¶ 45. Thus, this case, at least as to Golden-Bear, is more about stifling competition than vindicating alleged First Amendment and other constitutional violations.

For these reasons, the Court should find that the Complaint fails to state a claim for which relief may be granted against Golden-Bear under 42 U.S.C. § 1983. The following causes of action should be dismissed for this reason:

• First Cause of Action (First Amendment Right to Free Speech, Press and Assembly);

• Second Cause of Action (First Amendment Right to be Free from Retaliation);

• Third Cause of Action (Fourth Amendment Right to be Free from Unreasonable Search and Malicious Prosecution);

• Sixth Cause of Action (Conspiracy to Violate the Constitutionally Protected Rights of Plaintiff); and

• Eighth Cause of Action (Violating of Equal Protection by Singling Out Plaintiff for Unequal Treatment for No Reason Other than Malice, as a Class of One).

The Fourth Cause of Action (Failure to Train, Enact and Implement Policies to Prevent Abuse, Supervise and Discipline) is limited to Defendants Town of Quartzsite and Town of Parker.

**II.     The Pendent State Law Claims should also be dismissed**

The Complaint includes two pendent state law based claims: (1) Fifth Cause of Action for alleged intentional infliction of emotional distress; and (2) Seventh

Cause of Action for Intentional Interference with Contract. The Court should decline to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367(c), because federal courts generally do not exercise supplemental jurisdiction when the federal claim establishing original jurisdiction is dismissed. *See, e.g., Carlsbad Tech. Inc. v. HIF Bio, Inc.,* 129 S. Ct. 1862, 1865 (2009); *Mason v. State of Arizona,* 260 F. Supp. 2d 807 (D. Ariz. 2003).

Dismissal of the state law claims as to Golden-Bear also is especially appropriate because both allegedly arise from the purported constitutional violations that are not actionable against Golden-Bear under 42 U.S.C. § 1983. Dismissal of this claim as to Golden-Bear leaves no basis to maintain either state law cause of action.

### III. Golden-Bear should be awarded Attorneys' Fees and Costs

Golden-Bear respectfully requests that she be awarded her reasonable attorneys' fees and costs incurred as a "prevailing party" under 42 U.S.C. § 1988. Fees may be awarded to a defendant, particularly one who is not a state actor, if a plaintiff's claim is frivolous, groundless, or vexatious. It is well-settled that 42 U.S.C. § 1988 "authorizes a fee award to a prevailing defendant in order to 'protect defendants from burdensome litigation having no legal or factual basis.'" *Fox v. Vice,* 131 S. Ct. 2205, 2213 (2011) (quoting *Christiansburg Garment Co., v. Equal Employ. Opp. Comm.*, 434 U.S. 412, 416 (1978)). Fees may be awarded "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421.

The arguments set forth above show that Jones' claims against Golden-Bear are frivolous, unreasonable, vexatious, and without foundation. Jones' inclusion of

Golden-Bear as a defendant was motivated by her desire to stifle competition with her newspaper and as retaliation for publishing a press release by the Town of Quartzsite that Jones believes was defamatory.

Jones cannot hide behind her status as a pro se litigant to avoid being held responsible for payment of attorneys' fees incurred by Golden-Bear in defending against this frivolous and vexatious lawsuit. An award of fees is even more warranted because Golden-Bear was named in bad faith. Golden-Bear believes that Jones is akin to the plaintiffs in *Stone v. Baum*, 409 F. Supp. 2d 1164 (D. Ariz. 2005), who were found to be vexatious litigants and consequently subjected to a vexatious litigant Order enjoining them from future filings in the District of Arizona. District Court Judge Bury also awarded attorneys' fees as a sanction.

The vexatious litigants in *Stone* filed at least eight frivolous lawsuits in the District of Arizona seeking damages under 42 U.S.C. § 1983. Each case named many of the same defendants, including attorneys and Federal Judges, and repeated many of the same allegations. Here, the Plaintiff admitted in her January 9th email message to undersigned counsel that she has another case pending in this Court before District Court Judge Teilborg. A review of the Court's docket shows other cases filed by Jennifer Jones with many of the same allegations against many of the same defendants as here. *See Jones v. Quartzsite, et al.,* 2:12-CV-0138-PHX-JAT; *Jones v. Quartzsite, et al.,* 2:12-CV-02629-PHX-LOA; *Jones v. Quartzsite, et al.,* 2:13-CV-01770-PHX-DGC; and *Jones v. Quartzsite, et al.,* 2:13-CV-02170-PHX-NVW.

Based on the record in this case and the number of similar cases filed in this Court by the Plaintiff, it is more than reasonable that Jennifer Jones be found a

vexatious litigant by this Court. Under these circumstances, an award of attorneys' fees to Golden-Bear as a sanction is warranted.

## IV. Conclusion

For the foregoing reasons, Golden-Bear respectfully requests that the Court enter an order dismissing the Complaint against her in its entirety and award her reasonable attorneys' fees and costs incurred pursuant to 42 U.S.C. § 1988.

DATED this 12th day of January 2015.

**ELLEN M. VAN RIPER, ATTORNEY AT LAW**
1109 East Braeburn Drive
Phoenix, Arizona 85022
Telephone: (602) 540-6809

    /s/ Ellen M. Van Riper
Attorney for Defendant Shanana "Rain" Golden-Bear

8

# CERTIFICATE OF SERVICE

I hereby certify that on January 12th, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jennifer Marie Jones
thedesertfreedompress@yahoo.com
*Plaintiff appearing pro per*

Kelly Y. Schwab, Esq.
kschwab@cgsuslaw.com
Patricia E. Ronan, Esq.
pronan@cgsuslaw.com
Trish Stuhan, Esq.
tstuhan@cgsuslaw.com
The Law Offices of CURTIS, GOODWIN, SULLIVAN, UDALL & SCHWAB, P.L.C.
501 East Thomas Road
Phoenix, Arizona 85012-3205
*Attorneys for Town of Quartzsite, Mark Orgeron, and Carol Kelley*

I additionally certify that on January 12th, 2015, I delivered by U.S. Mail a copy of this document to the following:

Jennifer Marie Jones
P.O. Box 1320
Quartzsite, Arizona 85346

/s/ _Ellen Van Riper_____