IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones,<br><br>        Plaintiff,<br><br>vs.<br><br>Town of Parker, et al.,<br><br>        Defendants. | No. CV-14-01907-PHX-SPL<br><br>**ORDER** |

Before the Court are Defendants' Motions to Dismiss (Docs. 15, 19, 34, 40), which have been fully briefed. No party has requested oral argument. For the reasons that follow, the Court will grant Defendants' motions and dismiss this action with prejudice.

**I.  Background**

This case arises from an ongoing dispute between Plaintiff Jennifer Marie Jones and the Town of Quartzsite, including its Town council members, police, and various employees. Plaintiff, a "self-styled activist," alleges that in 2008, she became vocal in speaking out "against the corrupt Quartzsite government." (Doc. 1 at 9.) She claims that in retaliation for her open political opposition, the Quartzsite government began "an ongoing campaign of malicious prosecution, harassment," and unconstitutional persecution. (Doc. 1 at 3.)

Over the recent years, Plaintiff has filed a series of complaints in the District of Arizona against Quartzsite and its employees, including, but not limited to: *Jones v. Quartzsite,* CV-12-01383-PHX-JAT ("*Jones I*"); *Jones v. Quartzsite,* CV-12-02629-

PHX-LOA ("*Jones II*"); *Jones v. Quartzsite,* CV-13-01770-PHX-DJH ("*Jones III*"); *Jones v. Quartzsite,* CV-13-02170-PHX-DJH (*Jones IV*); and this case ("*Jones V*"). *Jones I, Jones II,* and *Jones IV* have been dismissed in their entirety with prejudice.

In the instant Complaint (Doc. 1), Plaintiff brings eight causes of action against Defendants Town of Parker, James Putz-Artrip, Town of Quartzsite, David Ward, Laura Bruno, Stephen Henrichs, Mark Orgeron, Norma Crooks, Carol Kelley, Mike Jewitt, and Shanana Rain Golden-Bear. Plaintiff claims that, in violation of 42 U.S.C. § 1983, Defendants unconstitutionally retaliated against her for exercising her First Amendment rights (Counts I and II), maliciously prosecuted her (Count III), singled her out and violated her equal protection rights (Count VIII), intentionally inflicted emotional distress (Count V), and tortiously interfered with an oral contract (Count VII). Plaintiff claims that the Towns of Quartzsite and Parker failed to adequately train, supervise, and discipline its personnel (Count IV), and the actions taken against her were in fact part of a conspiracy by Defendants to violate her constitutional rights (Count VI).

Defendants have each filed a motion to dismiss for failure to state a claim upon which relief may be granted. (Docs. 15, 19, 34, 40.) Among other things, Defendants argue that this action should be dismissed as duplicative of Plaintiff's prior actions. In turn, Plaintiff opposes dismissal by moving to strike the motions. (Docs. 43, 47, 48.)

## II. Legal Standard

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 93 (1980). "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 327 (9th Cir. 1995). Claim preclusion bars litigation of claims, including those brought under § 1983, that were or could have been raised in a prior action. *Holcombe v. Hosmer,* 477 F.3d 1094, 1097 (9th Cir. 2007). "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the

relevant inquiry is whether they could have been brought." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1078 (9th Cir. 2003). "A matter should have been advanced in the earlier litigation if it is part of the same transaction, or series of connected transactions, out of which the action arose." *Hiser v. Franklin,* 94 F.3d 1287, 1292 (9th Cir. 1996) (citation and quotation marks omitted). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell,* 553 U.S. 880, 892 (2008) (quotation marks and brackets omitted).

### III. Abstract of Plaintiff's Complaints[1]

In each of Plaintiff's complaints, she alleges that between 2008 and 2011, various Defendants engaged in a campaign of retaliation and intimidation against herself and others, which is evidenced by: (1) a warrantless search of Plaintiff's home to conduct an animal welfare check; (2) Plaintiff's campaign to be a Town Council member and unseat the then-current Quartzsite Town Council members; (3) Plaintiff's publication of a "widely-read" free newspaper that is critical of the corrupt Quartzsite government; (4) multiple wrongful arrests of her husband and herself on false charges; (5) a letter written by ten Quartzsite police officers on May 10, 2011 that resulted in an FBI investigation; (6) the lack of action taken by the Town Council after receiving the letter and to prevent her harassment; and (7) Plaintiff's unlawful removal from the June 28, 2011 Town Council meeting and subsequent arrest, as evidenced by Youtube video links. (*See Jones I,* Doc. 1 ¶¶ 18-64; *Jones II,* Doc. 1 ¶¶ 23-43; *Jones III,* Doc. 1 ¶¶ 17-38; *Jones IV,* Doc. 1 ¶¶ 24-48; *Jones V,* Doc. ¶¶ 15-48.)

In all five of the complaints, Plaintiff alleges: (1) a First Amendment right to free

---

[1] In considering a motion to dismiss, a court may take judicial notice of documents outside of the complaint that are "matters of public record" as long as the facts noticed are not "subject to reasonable dispute." *See* Fed. R. Evid. 201. In particular, a court may take judicial notice of pleadings, memoranda, and other verifiable documents from related litigation. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

speech, press and assembly claim; (2) a First Amendment retaliation claim; (3) a Fourth Amendment malicious prosecution claim; (4) an intentional infliction of emotional distress state law claim; and (5) a failure to train or supervise claim against the relevant municipalities. In *Jones II*, Plaintiff added a cause of action for conspiracy to violate her constitutional rights claim. That claim reappeared in each subsequent case filed. In *Jones III*, Plaintiff added an equal protection claim, which then appears in each subsequent case. In *Jones IV*, Plaintiff added an intentional interference with a contract claim, which also appears in *Jones V*.

In *Jones I*, Plaintiff sued the Town of Quartzsite, the police chief, two police officers, a Town council member, the Town manager and assistant manager. In *Jones II*, Plaintiff dropped the Town council member and managers, and added a member of the personnel board. She also dropped one police officer and added in a new officer. In *Jones III*, Plaintiff sues a combination of defendants named in both *Jones I* and *II*. There appears to be a break between *Jones III* and *IV*, and in that time, the police chief was removed and a town election was held, resulting in at least some council members being replaced. In *Jones IV*, Plaintiff sues the Town, the Town manager, the Town community development director, the Town prosecutor, and members of the then-current Town council, leaving the Town of Quartzsite as the only defendant in common with the first three cases. In *Jones V*, the Defendants are largely the same. Plaintiff drops a Town council member, and as discussed below, adds a reporter, the Town of Parker, and its magistrate judge.

**IV. Discussion**

    **A. Previous Claims, Defendants, and Allegations**

Plaintiff links all five of her cases together by asserting the same basic facts in each case. In each case, she essentially alleges that a different wrongful action arose out of a "series of connection transactions"— Defendants' ongoing campaign against her in retaliation for her exercise of her First Amendment rights. *See Hiser,* 94 F.3d at 1292.

*Jones I, II, and III*, while unquestionably similar, involve different defendants than

those in *Jones IV* and *V*. The first three cases are directly related to the actions of the Quartzsite police chief. Even though the defendants are related to the Town of Quartzsite in all of her cases, the Court finds the first three cases are sufficiently separate from *Jones V* as to not invoke the doctrine of claim preclusion.

However, the similarities between *Jones IV* and *V* are too numerous to ignore, and compels this Court to conclude that claim preclusion bars litigation of this action. For example, in *Jones IV,* Plaintiff brings an intentional interference with a contract claim (Count VII). In *Jones IV*, her allegations involved facts that included an alleged oral contract between Plaintiff and her landlord, whereas the factual allegations in *Jones V* do not. Yet, Count VII in this action remains virtually identical to Count VII in *Jones IV*. (*Cf. Jones IV,* Doc. 1 at 38, and *Jones V,* Doc. 1 at 25.) Another example is the inclusion of Defendants Orgeron, Crooks, Kelley, and Jewitt in *Jones V*. As in *Jones IV,* Plaintiff makes no substantive allegations against them. Rather, she passingly alleges that these Defendants were "aware of the actions taken against Plaintiff." (Doc. 1 at 6-8.) Plaintiff appears to have named these parties as a matter of practice, without regard to any wrongful actions, or lack thereof, actually committed by Defendants.

The blind repetition of defendants, facts, and causes of action, supports a finding that the claims are cumulative and should be precluded. In fact, *Jones V* is a virtual copy of *Jones IV*, with additional facts and defendants interspersed. *Jones V* ultimately turns on the issuance of an inspection warrant on August 20, 2013 (*see* Doc. 34-1 at 37-39), and the filing of charges (113 counts in violation of the Quartzsite Town Code, Class 1 misdemeanors) against her by the Quartzite prosecutor on September 20, 2013 (*see* Doc. 34-1 at 12-13). Thus, by the time Plaintiff filed her complaint in *Jones IV* on October 24, 2013, alleging the same causes of action as here, she was aware of the additional factual allegations that are now before this Court. Plaintiff could have included these events in her *Jones IV* complaint, or amended that complaint to include them. But she did not. Because Plaintiff could have previously brought her claims in *Jones IV*, which was dismissed on the merits, Plaintiff is precluded from bringing these claims again here. *See*

*Tahoe-Sierra Pres. Council*, 322 F.3d at 1078; *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002) (dismissal for failure to state a claim is a dismissal on the merits for *res judicata* purposes).

In fact, Plaintiff does not dispute that her claims could have been brought as an amendment in a previously filed action. (*See* Doc. 42 at 7.) Instead, she argues that her claims are not barred because "Defendant Bruno failed to notify Quartzsite's insurer of [*Jones IV*] as required (See Exhibit L) and subsequently [*Jones IV*] has no coverage," and that "each claim is capable of standing on its own." (Doc. 42 at 7.) Plaintiff's arguments are unavailing. Whether Quartzsite's insurer will or will not pay a claim is irrelevant to the Court's ultimate findings on liability, and is not a valid reason to justify allowing her a second bite at the apple. Plaintiff could have brought all of the instant allegations in *Jones IV* or, alternatively, amended *Jones IV*. Accordingly, Plaintiff's claims are precluded and warrant dismissal of this action in its entirety.

## B. "New" Defendants and Allegations

Even if Plaintiff's claims were not precluded in their entirety, they fail to give rise to a cause of action against the newly-named defendants.

### 1. Defendant James Putz-Artrip

Plaintiff alleges that James Putz-Artrip, a magistrate judge for the Town of Parker, reviewed and issued a search warrant of Plaintiff's trailer on behalf of the Town of Quartzsite. (Doc. 1 at 2.)[2] Plaintiff alleges that Putz-Artrip did not exercise due diligence in reviewing the warrant application, and issued the warrant of Plaintiff's property without probable cause. (Doc. 1 at 2.) Assuming, without deciding, that Plaintiff states a constitutional claim against Putz-Artrip, contrary to her arguments (*see* Doc. 44 at 3-5), he is immune from this suit.

In § 1983 actions, "state judges are absolutely immune from liability for their judicial acts…." *Briscoe v. LaHue,* 460 U.S. 325, 334 (1983) (citations omitted). The issuance of a search warrant "is unquestionably a judicial act." *Burns v. Reed,* 500 U.S.

---

[2] The Quartzsite magistrate judge had apparently recused herself from consideration of the search warrant application. (Docs. 1, at 2; 44 at 2.)

478, 492 (1991). "To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Ashelman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986).

First, while Plaintiff argues that Putz-Artrip derives his power from the Town of Parker, and is thus limited to its jurisdiction, his power actually derives from the State of Arizona. Magistrate courts are part of Arizona's integrated judicial department. *Winter v. Coor,* 695 P.2d 1094, 1097 (Ariz. 1985) (in banc). State law gives a town's municipal court "jurisdiction [over] all cases arising under the ordinances of the town." Ariz. Rev. Stat. § 22-402. Ariz. Rev. Stat. § 22-403 designates the presiding officer of the municipal court as a magistrate. Ariz. Rev. Stat. § 22-427 authorizes magistrates to perform their duties outside of the corporate limits of their city or town pursuant to intergovernmental agreements. Additionally, Ariz. Rev. Stat. § 13-3923 specifically proscribes the procedure for the filing of search warrant paperwork when the magistrate "does not have jurisdiction to inquire into the offense in respect to which the warrant was issued." Contrary to Plaintiff's argument, Putz-Artrip's issuance of a search warrant on behalf of the Quartzsite does not strip him of jurisdiction and, therefore, he is entitled to absolute immunity.

Second, Plaintiff argues that because the issuance of a search warrant is an administrative function, Putz-Artrip does not enjoy the protection of judicial immunity. (Doc. 44 at 4-5.) Plaintiff's argument fails on its face because issuance of a search warrant is not an administrative act; it "is unquestionably a judicial act." *Burns,* 500 U.S. at 492. Lastly, Plaintiff contends that Putz-Artrip is liable as the final policymaker for the Town of Parker. (Doc. 44 at 5.) Even if Putz-Artrip could be considered a policymaker, he was not acting in that capacity for the Town of Parker when he issued a search warrant. *See Eggar v. City of Livingston,* 40 F.3d 312, 316 (9th Cir. 1994) (if a judge is functioning as a state judicial officer, his or her acts or omissions are not part of a city policy or custom). Therefore, finding Putz-Artrip enjoys absolute immunity with regards

to the issuance of Inspection Warrant, Case No. SW20130002, Plaintiff fails to state a claim against him.

### 2. Defendant Town of Parker

Plaintiff alleges that the Town of Parker failed to provide adequate training and supervision, and contributed to the violation of Plaintiff's constitutional rights. (Doc. 1 at 21-25.) Plaintiff however, offers no specific allegations against the Town of Parker. Rather, the only factual allegations presented against it stem from the issuance of the search warrant by Putz-Artrip. Consequently, Plaintiff's claim fails as a matter of law. The Town of Parker, as a municipality, is not liable for the judicial actions of its judges. *Eggar,* 40 F.3d at 316 ("A municipality cannot be liable for judicial conduct it lacks the power to require, control, or remedy, even if that conduct parallels or appears entangled with the desires of the municipality.") Further, § 1983 does not provide for municipal liability under a respondeat superior theory. *Monell v. Dept. of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 691 (1978). *See Lytle v. Carl,* 382 F.3d 978, 982 (9th Cir. 2004) (a municipal liability claim under *Monell* requires (1) an expressly adopted official policy; (2) a longstanding practice or custom; or (3) the decision of a person with final policymaking authority). Accordingly, Plaintiff's claims against the Town of Parker cannot survive.

### 3. Defendant Shanana Rain Golden-Bear

Lastly, Plaintiff names Golden-Bear as a defendant, the publisher of a free newspaper, "Desert Messenger," a rival to Plaintiff's free newspaper, "The Desert Freedom Press." (Docs. 1 at 9; 35 at 1.) Plaintiff alleges that Golden-Bear violated her civil rights when she printed a press release issued by the Town of Quartzsite, which Plaintiff describes as "libelous and defamatory." (Doc. 1 at 9.) This claim equally fails.

Plaintiff does not bring a cause of action for libel or defamation; she brings a § 1983 action. To survive a motion to dismiss under § 1983, Plaintiff must show that: (1) a constitutional violation occurred; and (2) that deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citation omitted).

A person acts under color of state law when the person has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (citation omitted).

Here, Plaintiff does not allege that Golden-Bear is employed by the Town of Quartzsite, nor does she allege that Golden-Bear is an elected official for Quartzsite. Furthermore, even if assumed true, the publishing of a press release is not "made possible only because the wrongdoer is clothed with the authority of state law." *Id.* Golden-Bear did not publish the press release under the color of state law and is not liable under a § 1983 claim.

### C. Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). When dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). *See also Carrico v. City & Cnty. of San Francisco,* 656 F.3d 1002, 1008 (9th Cir. 2011) ("It is properly denied, however, if amendment would be futile."). Here, however, Plaintiff's claims are barred by the doctrine of claim preclusion and amendment cannot cure the deficiency. Therefore, this action will be dismissed without leave to amend.

### D. Motions to Strike

In her oppositions to the Motions to Dismiss, Plaintiff also filed Motions to Strike each Motion to Dismiss. (Docs. 43, 47, 48.) Plaintiff argues that Defendants failed to meet and confer as per the Court's Order (Doc. 4) and are, therefore, prevented from filing a Motion to Dismiss. Defendants have a statutorily-mandated deadline to file an answer or a motion to dismiss. Defendants aver however, that they made multiple attempts to meet with Plaintiff prior to their respective deadlines, but Plaintiff categorically refused to meet prior to February 15, 2015 (Doc. 16-1 at 3), after the filing

deadline for all of the Defendants except Henrichs. Defendants called the telephone number that Plaintiff listed on her pleadings, but a recording stated that the number was not available. (Doc. 16 at 2-3.) Defendants mailed information to the Post Office Box shown on Plaintiff's pleadings and the mail was returned as "Attempted – Not Known." (Doc. 37-1.) Defendants sent emails, but were told that email was not the best way to reach Plaintiff. (Docs. 16-1; 19-1; 34-1; 40-1.) One attorney went as far as going to Quartzsite to personally request a telephonic conference with Defendants. (Doc. 34-1 at 4.) Plaintiff cannot bar all avenues of contact and then move to strike a motion to dismiss because Defendants did not confer with her first.

Further, Plaintiff's fails to point to any authority for her request. "Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A pleading is defined as a complaint, an answer to a complaint, an answer to a counterclaim or crossclaim, a third-party complaint, an answer to a third party complaint, and if so ordered by the court, a reply to the answer. Fed. R. Civ. P. 7(a). Defendants' motions are not pleadings that may be stricken for purposes of Rule 12(f). As such, finding Defendants have met their burden to meet and confer, and Plaintiff does not otherwise justify her request, the motions to strike will be denied.

### E. Requests for Attorneys' Fees

Defendants maintain that this action is frivolous, and therefore they are entitled to an award of attorneys' fees. Courts should award attorneys' fees to prevailing defendants in civil rights cases only where the case was "unreasonable, frivolous, meritless, or vexatious." *Vernon v. City of L.A.*, 27 F.3d 1385, 1402 (9th Cir. 1994) (internal quotation marks omitted). "An action becomes frivolous when the result appears obvious or the

arguments are wholly without merit." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 666 (9th Cir. 2007).

Here, the Court dismisses this action on the basis of claim preclusion, a finding that could not have been made until after dismissal of *Jones IV*. Even though Plaintiff has filed an excessive number of complaints, the decisions dismissing them have only recently been issued and Plaintiff, appearing *pro se*, was not put on notice of the repetitious nature of her suits. The Court will therefore not label this litigation as frivolous or award Defendants attorneys' fees. Plaintiff is advised however, that the filing of future lawsuits of this nature may result in sanctions and she may be adjudged as a frivolous litigant.

## V. Conclusion

Plaintiff's claims are precluded by the doctrine of *res judicata,* and amendment cannot cure this deficiency. Therefore, this action must be dismissed with prejudice. Accordingly,

**IT IS ORDERED:**

1. That the Defendants' Motions to Dismiss (Doc. 15, 19, 34, 40) are **granted;**

2. That Plaintiff's Motions to Strike (Docs. 43, 47, 48) are **denied**;

3. That this action is **dismissed in its entirety with prejudice**; and

4. That the Clerk of Court shall **terminate** this action and enter judgment accordingly.

Dated this 29th day of May, 2015.

Honorable Steven P. Logan
United States District Judge